UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 07-20457-2
                                            HONORABLE VICTORIA A. ROBERTS

v.

JOSHUA E. BONDERENKA,

        Defendant(s).
_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER FED. R. CRIM. P. 35(b)**

On March 26, 2008, Defendant Joshua Bonderenka was convicted by jury of two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and two counts of Possession of a Stolen Firearm under 18 U.S.C. § 922(j). On December 5, 2008, the Court sentenced him to 120 months of detention.

Before the Court is Defendant's pro se Motion for Reduction of Sentence Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (Dkt. #52). Defendant asks the Court to reduce his sentence to match that of his co-defendant, Adam Burke, who pled guilty and received 84 months. Defendant claims he did not know the weapons he was convicted of possessing were stolen, that he was manipulated by Mr. Burke, and that he went to trial under the mistaken impression that he was fighting for his Second Amendment right to possess a firearm.

Based on this motion, it appears Defendant relies on an outdated formulation of Fed. R. Crim. P. 35. The current, amended version of Rule 35(b) states:

    (b)      Reducing a Sentence for Substantial Assistance.

> (1) In General.  *Upon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided *substantial assistance in investigating or prosecuting another person*.
>
> (2) Later Motion.  *Upon the government's motion* made more than one year after sentencing, the court may reduce a sentence if the defendant's *substantial assistance* involved:
>
>> (A) information not known to the defendant until one year or more after sentencing;
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b) (2009) (emphasis added).

As the highlighted language indicates, under the currently-applicable version of Rule 35(b), the Court may entertain motions for reduction of sentence only when filed by the Government, and only where a defendant provides "substantial assistance in investigating or prosecuting another person."  Defendant filed this motion himself, and while he claims he was misled by Mr. Burke and perhaps his own attorney, he does not indicate any way in which he provided substantial assistance to the Government.  In fact, the Court presided over a trial throughout which Defendant maintained his innocence and put the Government to its proofs.

For these reasons, Defendant's motion is **DENIED**.

**IT IS ORDERED**.

```
                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
Dated: November 13, 2009                United States District Judge
```

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Joshua Bonderenka by electronic means or U.S. Mail on November 13, 2009.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |